**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| CHRISTINE ADAKAI, Plaintiff, v. WAL-MART STORES, INC., Defendant. | 2:11-CV-749 JCM (GWF) |
|---|---|

**ORDER**

Presently before the court is plaintiff Christine Adakai's motion to remand (doc. # 4). Defendant Wal-Mart Stores, Inc. has filed a response (doc. # 7), and plaintiff has filed a reply (doc. # 9).

On November 30, 2010, plaintiff filed her complaint in the Eighth Judicial District Court seeking to recover for injuries allegedly sustained when she slipped in defendant's store. On January 18, 2011, defendant removed the case to this court alleging complete diversity and the amount in controversy were both satisfied as required by 28 U.S.C. § 1332(a). Plaintiff subsequently filed a motion to remand back to state court on February 9, 2011, alleging the amount in controversy was not actually met, and defendant responded by proposing a stipulation[1]. Plaintiff responded in an e-

---

[1] This stipulation read: "Please consult with your client if one of the following stipulations can be reached in order to obviate the need to file additional pleadings and attend a hearing regarding [p]laintiff's motion to remand: 1. [d]efendant is willing to stipulate to remand if [p]laintiff will stipulate to drop the punitive claim; or 2. [d]efendant is willing to stipulate to remand if

James C. Mahan
U.S. District Judge

mail dated February 14, 2011, agreeing to the first option of defendant's stipulation[2]. After the parties agreed to the stipulation, and this matter was remanded to state court, defendant filed a second petition for removal.

Plaintiff maintains that the stipulation acts as a waiver of defendant's right to removal, because defendant agreed to permanently remand this matter and, in exchange, plaintiff waived its right to pursue punitive damages. Defendant argues that the stipulation was merely an agreement that, after plaintiff waived her right to pursue punitive damages, the amount in controversy would no longer be satisfied, and this court would therefore no longer have jurisdiction under § 1332(a). Therefore, defendant claims, it retained its right to remove a second time if the total damages still met the amount in controversy, even absent any punitive claim.

This court agrees that the plain language of the stipulation is ambiguous. Plaintiff contends that the stipulation is a contract in which defendant agreed to permanently remand this matter to state court and, in return, plaintiff dropped its punitive claims. Defendant maintains that the stipulation is an agreement to temporarily remand this matter, and that defendant retained its right to remove should the amount in controversy be met at some point in the future. Because the timing and permanency of the remand is not specified directly in the stipulation, it follows that the precise nature of the stipulation is ambiguous. Because a contract is ambiguous if it is reasonably susceptible to more than one interpretation, this court finds it appropriate to look beyond the four corners of the contract. *See Grand Hotel Gift Shop v. Granite St. Inc.*, 839 P.2d 599 (Nev. 1992); *See also Hilton Hotels v. Butch Lewis Productions*, 808 P.2d 919 (Nev. 1991).

An interpretation which results in a fair and reasonable contract is preferable to one that results in a harsh and unreasonable one. *Dickenson v. State Dept' of Wildlife*, 877 P.2d 1059 (Nev. 1994). After examining the correspondence between plaintiff's and defendant's counsel, it is clear

---

[p]laintiff is willing to stipulate that the value of her case does not exceed $75,000."

[2] This e-mail read: "My client does not agree to limit her damages in this case. Nevertheless, my client does agree to forego any claim for punitive damages in return for your stipulation to remand this case back to [s]tate [c]ourt."

James C. Mahan
U.S. District Judge

to this court that the intent of the parties was to forever forfeit plaintiff's right to pursue punitive claims in return for defendant's permanent waiver of its right to remove to federal court. Plaintiff's counsel clarified that "we are stipulating that the case will be remanded to Nevada [s]tate [c]ourt and [p]laintiff will forego any punitive damages; but [p]laintiff is in no way agreeing to limit her damages, nor is she agreeing to future removal." (doc. #4-3, p. 2). Defendant responded by signing the aforementioned stipulation agreement. Thus, it is clear to this court that the stipulation served as a mutual bar against plaintiff's punitive claims and defendant's right to further removal, and defendant accepted these terms when it signed the stipulation.

To come to any other conclusion here would be unreasonable. If defendant's interpretation were to be adopted, this court would be forced to find that plaintiff had bargained away its right to pursue punitive claims, and, in exchange, had received essentially nothing from the defendant. To find that defendant only "temporarily" agreed to remand, and plaintiff forever agreed to forfeit punitive claims, would be an unreasonable interpretation of the stipulation.

Accordingly,

IT IS HEREBY ORDERED ADJUDGED AND DECREED that plaintiff Christine Adakai's motion to remand (doc. # 4) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the case of *Adakai v. Wal-Mart Stores, Inc.* (case no. 2:11-cv-00749-JCM-GWF) be REMANDED to the Eighth Judicial District Court.

DATED June 29, 2011.

James C. Mahan

**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**